**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GEM MECHANICAL SERVICES, INC. and GEM PLUMBING & HEATING CO., INC., | CIVIL ACTION NO. |
| Plaintiffs, | CA 06 403 |
| v. | |
| MARSH & McLENNAN COMPANIES, INC., MARSH, INC., MARSH USA, INC., ACE USA, INC. and BANKERS STANDARD INSURANCE COMPANY, | |
| Defendants. | |

**NOTICE OF REMOVAL**

The defendants, Marsh & McLennan Companies, Inc., Marsh, Inc. and Marsh USA, Inc. (collectively, "Marsh"), pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, for purposes of removing this case to the United States District Court for the District of Rhode Island state the following:

**I.**

By Summons and Complaint dated August 11, 2006, plaintiffs, Gem Mechanical Services, Inc. and Gem Plumbing & Heating Co., Inc. (collectively, the "Plaintiffs") commenced an action in the Superior Court for the County of Providence in the State of Rhode Island and Providence Plantations, captioned as Gem Mechanical Services, Inc. and Gem Plumbing & Heating Co., Inc. v. Marsh & McLennan Companies, Inc., Marsh, Inc., Marsh USA, Inc., ACE USA, Inc. and Banker Standard Insurance Company, Civil Action No. PC06-4228 (the "State Court action"). A copy of Plaintiffs' Complaint (the "Complaint") is attached as Exhibit A. The Complaint asserts eighteen claims against Marsh and co-defendants, ACE USA, Inc. ("ACE") and Bankers Standard

Insurance Company ("Bankers Standard") (collectively, the "ACE Companies"), in which the Plaintiffs allege that the defendants reported inaccurate information concerning the Plaintiffs' payroll data to the National Council of Compensation Insurance, Inc. ("NCCI"). The nature of the Plaintiffs' allegations is stated more fully in the Complaint, attached as Exhibit A. Marsh denies any and all liability for the Plaintiffs' claims, and has valid defenses thereto. The above described action is a civil action that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 based on diversity of citizenship.

**II.**

Marsh first received notice of the Summons and Complaint on August 22, 2006. On that date, Marsh's designated agent for service of process in the State of Delaware, the Corporation Service Company, received the Summons and Complaint via certified mail. With the exception of the receipt of the Summons and Complaint, Marsh has not received any other pleadings or orders in the State Court action. To Marsh's knowledge with the exception of the filing of Plaintiff's Complaint, there have been no further proceedings in the State Court action.

**III.**

This Notice of Removal is timely filed. Title 28, § 1446(b) requires that a Notice of Removal be filed within thirty (30) days from receipt of a pleading establishing federal jurisdiction. Thirty days from the date on which Marsh received first notice of the Complaint falls on September 21, 2006.

**IV.**

There is complete diversity of citizenship between the parties to this action. The Plaintiffs are Rhode Island corporations with their principal place of business located in Rhode Island. (See Exhibit A, Complaint ¶¶ 1-2.) The Marsh defendants are Delaware corporations with their

principal place of business in New York. (See id. ¶¶ 3-5.) The ACE Companies are Delaware corporations with their principal place of business in the Commonwealth of Pennsylvania. (See id. ¶¶ 6-7.) As a result, there is complete diversity of citizenship between the parties and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Marsh, therefore, is entitled to remove this action pursuant to 28 U.S.C. § 1441.

**V.**

The amount in controversy in this litigation is in excess of $75,000.00, exclusive of costs and interest and is, therefore, properly removable. Although the Plaintiffs fail to specify the nature and extent of their damages, it is clear that the Plaintiffs seek to recover an amount in excess of $75,000.00. The Plaintiffs allege that the defendants inaccurately reported a substantial number of their payroll hours to the NCCI in breach of their alleged contractual and other common law duties to the Plaintiffs. In each of their eighteen counts, the Plaintiffs repeatedly alleged that as result of the defendants' actions the Plaintiffs "have incurred and will continue to incur significant and substantial losses and damages." (See, e.g., Exhibit A, Complaint ¶ 39.) The Plaintiffs also seek treble damages and attorneys' fees under Massachusetts General Laws Chapter 93A. (Id. Counts XVII and XVIII.) That the Plaintiffs seek in excess of $75,000.00 is further evidenced by the Plaintiffs' refusal to execute a Stipulation Regarding Amount In Controversy in which Marsh requested that the Plaintiffs "acknowledge and agree that it is a legal certainty that the damages they seek, or could seek, in this action against Marsh do not and will not exceed $75,000.00, exclusive of interest and costs." By refusing to execute such Stipulation, the Plaintiffs acknowledge that they are alleging damages that meet the amount-in-controversy requirement.

**VI.**

As a result of the complete diversity of citizenship between the parties and the amount in controversy stated herein, this action may be removed by Marsh pursuant to 28 U.S.C. §§ 1441 and 1332.

**VII.**

This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) in that the captioned District Court sits in the district and division embracing the place where the State Court action is pending.

**VIII.**

The ACE Companies are the only other defendants to this action. Attached as Exhibit B is a letter from counsel for the Ace Companies indicating their consent to the removal of this action.

**IX.**

Marsh appears herein by and through its attorneys specifically and solely for the purpose of removing the State Court action to the District Court.

**X.**

Promptly after filing this Notice for the removal of the State Court action, Marsh will give written notice of such filing to the Plaintiffs and will file a copy of the Notice of Removal with the Clerk of the State Court, which shall effect the removal of the State Court action, and the State Court shall proceed no further unless and until the case is remanded.

**XI.**

Pursuant to Local Rule 81(b), Marsh has requested that a certified copy of the Docket and all papers filed in the State Court Action from the Clerk of the Providence Superior Court and will file the same with this District Court upon receipt.

WHEREFORE, Marsh prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and determination as provided by law, and that this civil action proceed as if it had originally been commenced in the District Court.

SO NOTICED this 11th day of September 2006.

DEFENDANTS, MARSH & McLENNAN COMPANIES, INC., MARSH, INC. and MARSH USA, INC.,

Joseph K. Scully (#6217)
*jkscully@dbh.com*
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)

Their Attorney

DATED: September 11, 2006

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was mailed on September 11, 2006, postage prepaid, to:

Robert McConnell, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903
*Attorneys for Plaintiffs*

Theodore Orson, Esq.
Orson and Brusini LTD.
55 Dorrance Street, Suite 400
Providence, RI 02903
*Attorneys for Plaintiffs*

Philip Newbury, Esq.
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
*Attorneys for Defendants, ACE USA, Inc. and Bankers Standard Insurance Company*

Joseph K. Scully