**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GEM MECHANICAL SERVICES, INC. and GEM PLUMBING & HEATING CO., INC.,<br><br>Plaintiffs, | : | C.A. No. 06-403ML |
| v. | : | |
| MARSH & McLENNAN COMPANIES, INC., MARSH, INC., MARSH USA, INC., ACE USA, INC. and BANKERS STANDARD INSURANCE COMPANY,<br><br>Defendants. | : | OCTOBER 10, 2006 |

**DEFENDANTS, ACE USA, INC. AND BANKERS STANDARD INSURANCE COMPANY'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT DATED AUGUST 11, 2006**

**PARTIES**

1 - 5. As to Paragraphs 1 - 5, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

6 - 7. Paragraphs 6 – 7 are admitted.

**JURISDICTION**

8. As to Paragraph 8, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**VENUE**

9. As to Paragraph 9, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**FOREIGN LAW**

10. As to Paragraph 10, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**FACTUAL ALLEGATIONS**

11. As to Paragraph 11, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

12. As to Paragraph 12, it is denied that ACE USA, Inc. is an operating insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain policies to Gem Plumbing and Heating Company. As to the remainder of Paragraph

12, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

13 - 30. As to Paragraphs 13 - 30, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

31. As to Paragraph 31, it is denied that ACE USA, Inc. is an operating insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain policies to Gem Plumbing and Heating Company. As to the remainder of Paragraph 31, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

32 - 34. As to Paragraphs 32 - 34, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

## COUNT I
## BREACH OF CONTRACT

**(Claim against MMC, Marsh and Marsh USA)**

35. These defendants' answers to Paragraphs 1 - 34 are hereby incorporated as though fully set forth herein at length.

36 - 39. As to Paragraphs 36 - 39, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**COUNT II**
**BREACH OF CONTRACT**

**(Claim against ACE and Bankers Standard)**

40. These defendants' answers to Paragraphs 1 - 39 are hereby incorporated as though fully set forth herein at length.

41. As to Paragraph 41, it is denied that ACE USA, Inc. is an operating insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain policies to Gem Plumbing and Heating Company. As to the remainder of Paragraph 41, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiffs to their burden of proof.

42. Paragraph 42 is denied.

43. As to Paragraph 43, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

44. Paragraph 44 is denied.

**COUNT III**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(Claim against MMC, Marsh and Marsh USA)**

45. These defendants' answers to Paragraphs 1 - 44 are hereby incorporated as though fully set forth herein at length.

46 - 49. As to Paragraphs 46 - 49, these defendants do not have sufficient

knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**COUNT IV**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(Claim against ACE and Bankers Standard)**

50. These defendants' answers to Paragraphs 1 - 49 are hereby incorporated as though fully set forth herein at length.

51. As to Paragraph 51, it is denied that ACE USA, Inc. is an operating insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain policies to Gem Plumbing and Heating Company. As to the remainder of Paragraph 51, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

52. Paragraph 52 is denied.

53 - 54. As to Paragraphs 53 - 54, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**COUNT V**
**BREACH OF THIRD-PARTY BENEFICIARY CONTRACT**

**(Claim against MMC, Marsh and Marsh USA)**

55. These defendants' answers to Paragraphs 1 - 54 are hereby incorporated as though fully set forth herein at length.

56 - 61. As to Paragraphs 56 - 61, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**COUNT VI**
**BREACH OF THIRD-PARTY BENEFICIARY CONTRACT**

**(Claims against ACE and Bankers Standard)**

62. These defendants' answers to Paragraphs 1 - 61 are hereby incorporated as though fully set forth herein at length.

63. As to Paragraph 63, it is denied that ACE USA, Inc. is an operating insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain policies to Gem Plumbing and Heating Company. As to the remainder of Paragraph 63, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

64. As to Paragraph 64, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

65. As to Paragraph 65, it is denied that ACE USA, Inc. is an operating insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain policies to Gem Plumbing and Heating Company. As to the remainder of Paragraph 65, these defendants do not have sufficient knowledge or information upon which to

base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

66. As to Paragraph 66, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

67 - 68. Paragraphs 67 - 68 are denied.

**COUNT VII**
**UNJUST ENRICHMENT**

**(Claims against MMC, Marsh and Marsh USA)**

69. These defendants' answers to Paragraphs 1 - 68 are hereby incorporated as though fully set forth herein at length.

70 - 72. As to Paragraphs 70 - 72, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**COUNT VIII**
**UNJUST ENRICHMENT**

**(Claims against ACE and Bankers Standard)**

73. These defendants' answers to Paragraphs 1 - 72 are hereby incorporated as though fully set forth herein at length.

74. As to Paragraph 74, it is denied that ACE USA, Inc. is an operating insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain policies to Gem Plumbing and Heating Company. It is denied that these defendants

failed to accurately report or credit payroll or loss data. It is denied that any claimed actions by these defendants caused plaintiffs to pay artificially inflated, unearned insurance premiums. As to the remainder of Paragraph 74, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

75 - 76. Paragraphs 75 - 76 are denied.

**COUNT IX**
**NEGLIGENCE**

**(Claims against MMC, Marsh and Marsh USA)**

77. These defendants' answers to Paragraphs 1 - 76 are hereby incorporated as though fully set forth herein at length.

78 - 82. As to paragraphs 78 - 82, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**COUNT X**
**NEGLIGENCE**

**(Claims against ACE and Bankers Standard)**

83. These defendants' answers to Paragraphs 1 - 82 are hereby incorporated as though fully set forth herein at length.

84. As to Paragraph 84, it is denied that ACE USA, Inc. is an operating insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain

policies to Gem Plumbing and Heating Company. As to the remainder of Paragraph 84, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

85. As to Paragraph 85, it is denied that ACE USA, Inc. is an operating insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain policies to Gem Plumbing and Heating Company. As to the remainder of Paragraph 85, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

86. Paragraph 86 is denied.

87. As to Paragraph 87, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

88. Paragraph 88 is denied.

## COUNT XI
## BREACH OF FIDUCIARY DUTY

**(Claims against MMC, Marsh and Marsh USA)**

89. These defendants' answers to Paragraphs 1 - 88 are hereby incorporated as though fully set forth herein at length.

90 – 93. As to Paragraphs 90 - 93, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**COUNT XII**
**BREACH OF FIDUCIARY DUTY**

**(Claims against ACE and Bakers Standard)**

94. These defendants' answers to Paragraphs 1 - 93 are hereby incorporated as though fully set forth herein at length.

95. As to Paragraph 95, it is denied that ACE USA, Inc. is an operating insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain policies to Gem Plumbing and Heating Company. As to the remainder of Paragraph 95, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiffs to their burden of proof.

96. As to Paragraph 96, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

97 - 98. Paragraphs 97 - 98 are denied.

**COUNT XIII**
**NEGLIGENT MISREPRESENTATION**

**(Claims against MMC, Marsh and Marsh USA)**

99. These defendants' answers to Paragraphs 1 - 98 are hereby incorporated as though fully set forth herein at length.

100 - 104. As to Paragraphs 100 - 104, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the

truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**COUNT XIV**
**NEGLIGENT MISREPRESENTATION**

**(Claims against ACE and Bankers Standard)**

105. These defendants' answers to Paragraphs 1 - 104 are hereby incorporated as though fully set forth herein at length.

106. As to Paragraph 106, it is denied that ACE USA, Inc. is an operating insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain policies to Gem Plumbing and Heating Company. It is denied that defendants provided false or inaccurate material information to others. As to the remainder of Paragraph 106, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

107. Paragraph 107 is denied.

108. That portion of Paragraph 108 which states: "Ace and/or Bankers Standard knew or should have known that the information was false or inaccurate" is denied. As to the remainder of Paragraph 108, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to their burden of proof.

109. That portion of Paragraph 109 which states: "false or inaccurate

information communicated by Ace and/or Bankers Standard" is denied. As to the remainder of Paragraph 109, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to their burden of proof.

110. Paragraph 110 is denied.

**COUNT XV**
**MISREPRESENTATION CAUSING PECUNIARY LOSS**

**(Claims against MMC, Marsh and Marsh USA)**

111. These defendants' answers to Paragraphs 1 - 110 are hereby incorporated as though fully set forth herein at length.

112 - 116. As to paragraphs 112 - 116, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**COUNT XVI**
**MISREPRESENATION CAUSING PECUNIARY LOSS**
**RESTATEMENT (SECOND) OF TORTS, sec. 552**

**(Claims against ACE and Bankers Standard)**

117. These defendants' answers to Paragraphs 1 - 116 are hereby incorporated as though fully set forth herein at length.

118. As to Paragraph 118, it is denied that ACE USA, Inc. is an operating

insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain policies to Gem Plumbing and Heating Company. That portion of Paragraph 118 which states: "supplied false or inaccurate material information for the guidance of others in the their business transactions by incorrectly reporting the Gem Companies' payroll and loss data to NCCI" is denied. As to the remainder of Paragraph 118, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

119 - 120. Paragraphs 119 - 120 are denied.

121. That portion of Paragraph 121 which states: "false or inaccurate information communicated by Ace and/or Bankers Standard" is denied. As to the remainder of Paragraph 121, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to their burden of proof.

122. Paragraph 122 is denied.

**COUNT XVII**
**VIOLATION OF MASSACHUSETTS GEN. LAWS c. 93A**

**(Claims against MMC, Marsh and Marsh USA)**

123. These defendants' answers to Paragraphs 1 - 122 are hereby incorporated as though fully set forth herein at length.

124 - 127. As to Paragraphs 124 - 127, these defendants do not have

sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**COUNT XVIII**
**VIOLATION OF MASSACHUSETTS GEN. LAWS c. 93A**

**(Claims against ACE and Bankers Standard)**

128. These defendants' answers to Paragraphs 1 - 127 are hereby incorporated as though fully set forth herein at length.

129. As to Paragraph 129, it is denied that ACE USA, Inc. is an operating insurance company or that it issues policies of insurance. It is admitted that Bankers Standard Insurance Company is an insurance company and that it issued certain policies to Gem Plumbing and Heating Company. As to the remainder of Paragraph 129, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

130 - 132. Paragraphs 130 - 132 are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs' complaint, in whole or in part, fails to state a claim on which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiffs were comparatively negligent in their handling of the insurance-related transactions described in their complaint.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of plaintiffs' claims are barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Some or all of the plaintiffs' claims are barred by the doctrines of waiver and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiffs failed to mitigate their damages.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of plaintiffs' claims are barred by the applicable statute of limitations or other applicable limitations period.

The defendants hereby demand a trial by jury on all issues so triable.

DEFENDANTS,

ACE USA, INC.

*/s/ James R. Oswald*

JAMES R. OSWALD (#5727)
joswald@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604

-and-

Philip T. Newbury, Jr., Esquire (#2617)
Mark J. Claflin, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
(860) 249-1361
(860) 249-7665 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 10, 2006, a true copy of the foregoing Answer and Affirmative Defenses of Defendants ACE USA, Inc. and Bankers Standard Insurance Company to Plaintiffs' Complaint Dated August 11, 2006 was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECT System.

Robert McConnell, Esq.
Motley Rice LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02903

Theodore Orson, Esq.
Stephen M. Brusini, Esq.
Linda Rekas Sloan, Esq.
Stephen J. Broulliard, Esq.
Orson and Brusini LTD.
55 Dorrance Street, Suite 400
Providence, RI 02903

Philip Newbury, Esq.
Mark J. Claflin, Esq.
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190

Joseph K. Scully, Esq.
Michael P. Shea, Esq.
Day, Berry & Howard, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3499

William H. Narwold, Esq.
Motley Rice, LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06108

*/s/ James R. Oswald*

*396017_1.doc*