**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GEM MECHANICAL SERVICES, INC. and GEM PLUMBING & HEATING CO., INC., | : | CIVIL ACTION NO. |
| | : | 1:06-cv-00403(ML-LDA) |
| Plaintiffs, | : | |
| v. | : | |
| MARSH & McLENNAN COMPANIES, INC., MARSH, INC., MARSH USA, INC., ACE USA, INC. and BANKERS STANDARD INSURANCE COMPANY, | : | |
| Defendants. | : | DECEMBER 1, 2006 |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Marsh & McLennan Companies, Inc., Marsh, Inc., and Marsh USA, Inc. (collectively, "Marsh"), hereby answer the First Amended Complaint of Gem Mechanical Services Co., Inc., and Gem Plumbing & Heating Co., Inc. (collectively, the "plaintiffs"), as follows:

**PARTIES**

1. As to Paragraph 1, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

2. As to Paragraph 2, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. As to Paragraph 6, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

7. As to Paragraph 7, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

**JURISDICTION**

8. The allegations of Paragraph 8 state a legal conclusion to which no response is required. To the extent that Paragraph 8 alleges any factual allegations, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

**VENUE**

9. The allegations of Paragraph 9 state a legal conclusion to which no response is required. To the extent that Paragraph 9 alleges any factual allegations, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

**FOREIGN LAW**

10. The allegations of Paragraph 10 state a legal conclusion to which no response is required. To the extent that Paragraph 10 alleges any factual allegations, Marsh has insufficient knowledge or information upon which to form a belief and therefore, leaves plaintiffs to their proof.

**FACTUAL ALLEGATIONS**

11. As to Paragraph 11, Marsh admits that Marsh & McLennan Companies, Inc., through its subsidiaries, including Marsh, Inc., and Marsh USA, Inc., provide risk management and insurance broking services to businesses, government entities and professional service organizations from around the world. As to any other allegations in Paragraph 11, Marsh has

insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

12. As to Paragraph 12, Marsh admits that Ace and Bankers Standard are insurers and that, among other things, they issue policies of insurance to construction contractors and subcontractors. As to any other allegations in Paragraph 12, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

13. As to Paragraph 13, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

14. As to Paragraph 14, Marsh admits that one option for certain construction projects is for subcontractors to procure and maintain their own insurance at levels and in amounts determined by the owner or general contractor of a construction project. As to any other allegations in Paragraph 14, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

15. As to Paragraph 15, Marsh admits that one option for certain construction projects is for subcontractors to procure insurance coverage, including workers' compensation insurance, through their own insurance broker and carrier(s). As to any other allegations in Paragraph 15, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

16. As to Paragraph 16, Marsh admits that one option under an owner controlled insurance program ("OCIP") construction project is for an owner to implement a mandatory process for procuring and maintaining a wrap-up policy of insurance that covers some or all of the project's contractors and subcontractors. As to any other allegations in Paragraph 16, Marsh

has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

17. As to Paragraph 17, Marsh admits that in some OCIP construction projects subcontractors may be charged their respective insurance costs on the project by way of deductions from their payment requisitions. As to any other allegations in Paragraph 17, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

18. As to Paragraph 18, Marsh admits that a potential benefit of an OCIP wrap-up policy may be the reduction of a project owner's insurance costs associated with a project. Marsh further admits that one option for an OCIP is for an owner to charge subcontractors for a portion of the insurance premiums paid by the owner. As to any other allegations in Paragraph 18, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

19. As to Paragraph 19, Marsh admits that an employer's workers' compensation insurance premiums are based on a number of factors, including, but not limited to, the employer's risk classification, its payroll and its loss experience. As to any other allegations in Paragraph 19, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

20. As to Paragraph 20, Marsh admits that an employer's payroll and loss experience data are factors analyzed in determining an employer's experience modification factor ("MOD"). As to the remaining allegations of Paragraph 20, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

21. As to Paragraph 21, Marsh admits that the MOD is a factor applied to an employer's workers' compensation premium that is intended to reflect the employer's risk variation from the average risk within the same class code for similar employers. As to the remaining allegations of Paragraph 21, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

22. As to Paragraph 22, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

23. As to Paragraph 23, Marsh admits that an employer with a MOD in excess of 1.00 generally will be charged more for workers' compensation insurance than a similarly classified employer with a MOD of 1.00, and that an employer with a MOD of less than 1.00 generally will be charged less for workers' compensation insurance than a similarly classified employer with a MOD of 1.00. As to the remaining allegations of Paragraph 23, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

24. As to Paragraph 24, Marsh admits that on some OCIP projects subcontractors may report their payroll hours and loss history data to an OCIP Administrator, who then reports this data to the insurance carrier for the OCIP project, who, in turn, reports the data to the appropriate entity or entities, such as the NCCI. As to the remaining allegations of Paragraph 24, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

25. As to Paragraph 25, Marsh admits that a number of states have designated NCCI as the entity for maintaining data and performing calculations related to an employer's workers' compensation premium, including calculating its MOD. As to the remaining allegations of

Paragraph 25, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

26. As to Paragraph 26, Marsh admits that the reporting of inaccurate employer payroll data can affect the calculation of an employer's MOD and, correspondingly, the premium that an employer pays for workers' compensation insurance. As to the remaining allegations of Paragraph 26, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

27. As to Paragraph 27, Marsh admits that an employer's MOD is one factor used to calculate the employer's premiums for its workers' compensation insurance. As to the remaining allegations of Paragraph 27, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

28. As to Paragraph 28, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

29. As to Paragraph 29, Marsh admits that Massachusetts has implemented an All Risk Adjustment Program ("ARAP") for experience-rated risks with multi-state operations and risks. As to the remaining allegations of Paragraph 29, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

30. As to Paragraph 30, Marsh admits that defendant Marsh USA Inc., at times acts as an OCIP Administrator on OCIP projects. Marsh denies the remaining allegations of Paragraph 30.

31. As to Paragraph 30, Marsh admits that ACE and Bankers Standard issue wrap-up insurance policies. As to the remaining allegations of Paragraph 31, Marsh has insufficient

knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

32. As to Paragraph 32, Marsh admits that the plaintiffs have been designated as subcontractors on OCIP projects owned by Ahold, Inc., in Massachusetts and Rhode Island. As to the remaining allegations of Paragraph 32, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

33. As to Paragraph 33, Marsh denies that it incorrectly or inaccurately reported the plaintiffs' payroll data as it was reported to Marsh by the plaintiffs. As to the remaining allegations of Paragraph 33, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

34. As to Paragraph 34, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

**COUNT I**
**BREACH OF CONTRACT**
**(Claims Against MMC, Marsh and Marsh USA)**

35. Marsh incorporates its responses to Paragraphs 1 through 34 of the Complaint as its response to Paragraph 35 of Count I as if fully set forth herein.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

**COUNT II**
**BREACH OF CONTRACT**
**(Claims Against ACE and Bankers Standard)**

40. Marsh incorporates its responses to Paragraphs 1 through 39 of the Complaint as its response to Paragraph 40 of Count II as if fully set forth herein.

41. As to Paragraph 41, the allegations are directed to other defendants and, therefore, require no response from Marsh.

42. As to Paragraph 42, the allegations are directed to other defendants and, therefore, require no response from Marsh.

43. As to Paragraph 43, the allegations are directed to other defendants and, therefore, require no response from Marsh.

44. As to Paragraph 44, the allegations are directed to other defendants and, therefore, require no response from Marsh.

**COUNT III**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(Claims Against MMC, Marsh and Marsh USA)**

45. Marsh incorporates its responses to Paragraphs 1 through 44 of the Complaint as its response to Paragraph 45 of Count III as if fully set forth herein.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

**COUNT IV**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(Claims Against ACE and Bankers Standard)**

50. Marsh incorporates its responses to Paragraphs 1 through 49 of the Complaint as its response to Paragraph 50 of Count IV as if fully set forth herein.

51. As to Paragraph 51, the allegations are directed to other defendants and, therefore, require no response from Marsh.

52. As to Paragraph 52, the allegations are directed to other defendants and, therefore, require no response from Marsh.

53. As to Paragraph 53, the allegations are directed to other defendants and, therefore, require no response from Marsh.

54. As to Paragraph 54, the allegations are directed to other defendants and, therefore, require no response from Marsh.

## COUNT V
## BREACH OF THIRD-PARTY BENEFICIARY CONTRACT
**(Claims Against MMC, Marsh and Marsh USA)**

55. Marsh incorporates its responses to Paragraphs 1 through 54 of the Complaint as its response to Paragraph 55 of Count V as if fully set forth herein.

56. As to the allegations contained in Paragraph 56, Marsh admits that Marsh USA Inc. contracted with an OCIP project owner to act as the OCIP administrator for various projects in Rhode Island and Massachusetts. Marsh denies the remaining allegations of Paragraph 56.

57. The allegations of Paragraph 57 state a legal conclusion to which no response is required. To the extent that Paragraph 57 alleges any factual allegations, Marsh denies the allegations of Paragraph 57.

58. Paragraph 58 is denied.

59. As to Paragraph 59, Marsh has insufficient knowledge or information upon which to form a belief and, therefore, leaves plaintiffs to their proof.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

**COUNT VI**
**BREACH OF THIRD-PARTY BENEFICIARY CONTRACT**
**(Claims Against ACE and Bankers Standard)**

62. Marsh incorporates its responses to Paragraphs 1 through 61 of the Complaint as its response to Paragraph 62 of Count VI as if fully set forth herein.

63. As to Paragraph 63, the allegations are directed to other defendants and, therefore, require no response from Marsh.

64. As to Paragraph 64, the allegations are directed to other defendants and, therefore, require no response from Marsh.

65. As to Paragraph 65, the allegations are directed to other defendants and, therefore, require no response from Marsh.

66. As to Paragraph 66, the allegations are directed to other defendants and, therefore, require no response from Marsh.

67. As to Paragraph 67, the allegations are directed to other defendants and, therefore, require no response from Marsh.

68. As to Paragraph 68, the allegations are directed to other defendants and, therefore, require no response from Marsh.

**COUNT VII**
**UNJUST ENRICHMENT**
**(Claims Against MMC, Marsh and Marsh USA)**

69. Marsh incorporates its responses to Paragraphs 1 through 68 of the Complaint as its response to Paragraph 69 of Count VII as if fully set forth herein.

70. As to Paragraph 70, Marsh admits that Marsh USA Inc., administered wrap-up policies for various OCIP projects in Rhode Island and Massachusetts under which the plaintiffs, in part, were provided insurance coverage. Marsh denies the remaining allegations of Paragraph 70.

71. Paragraph 71 is denied.

72. Paragraph 72 is denied.

**COUNT VIII**
**UNJUST ENRICHMENT**
**(Claims Against ACE and Bankers Standard)**

73. Marsh incorporates its responses to Paragraphs 1 through 72 of the Complaint as its response to Paragraph 73 of Count VIII as if fully set forth herein.

74. As to Paragraph 74, the allegations are directed to other defendants and, therefore, require no response from Marsh.

75. As to Paragraph 75, the allegations are directed to other defendants and, therefore, require no response from Marsh.

76. As to Paragraph 76, the allegations are directed to other defendants and, therefore, require no response from Marsh.

**COUNT IX**
**NEGLIGENCE**
**(Claims Against MMC, Marsh and Marsh USA)**

77. Marsh incorporates its responses to Paragraphs 1 through 76 of the Complaint as its response to Paragraph 77 of Count IX as if fully set forth herein.

78. As to Paragraph 78, Marsh admits that Marsh Inc. and Marsh USA Inc., were identified as producers on wrap-up insurance policies under which the plaintiffs, in part, were provided insurance coverage. Marsh denies the remaining allegations of Paragraph 78.

79. The allegations of Paragraph 79 state a legal conclusion to which no response is required. To the extent that it alleges any factual allegations, Marsh denies the allegations of Paragraph 79.

80. Paragraph 80 is denied.

81. Paragraph 81 is denied.

82. Paragraph 82 is denied.

**COUNT X**
**NEGLIGENCE**
**(Claims Against ACE and Bankers Standard)**

83. Marsh incorporates its responses to Paragraphs 1 through 82 of the Complaint as its response to Paragraph 83 of Count X as if fully set forth herein.

84. As to Paragraph 84, the allegations are directed to other defendants and, therefore, require no response from Marsh.

85. As to Paragraph 85, the allegations are directed to other defendants and, therefore, require no response from Marsh.

86. As to Paragraph 86, the allegations are directed to other defendants and, therefore, require no response from Marsh.

87. As to Paragraph 87, the allegations are directed to other defendants and, therefore, require no response from Marsh.

88. As to Paragraph 88, the allegations are directed to other defendants and, therefore, require no response from Marsh.

**COUNT XI**
**BREACH OF FIDUCIARY DUTY**
**(Claims Against MMC, Marsh and Marsh USA)**

89. Marsh incorporates its responses to Paragraphs 1 through 88 of the Complaint as its response to Paragraph 89 of Count XI as if fully set forth herein.

90. The allegations of Paragraph 90 state a legal conclusion to which no response is required. To the extent that it alleges any factual allegations, Marsh denies the allegations of Paragraph 90.

91. Paragraph 91 is denied.

92. Paragraph 92 is denied.

93. Paragraph 93 is denied.

**COUNT XII**
**BREACH OF FIDUCIARY DUTY**
**(Claims Against ACE and Bankers Standard)**

94. Marsh incorporates its responses to Paragraphs 1 through 93 of the Complaint as its response to Paragraph 94 of Count XII as if fully set forth herein.

95. As to Paragraph 95, the allegations are directed to other defendants and, therefore, require no response from Marsh.

96. As to Paragraph 96, the allegations are directed to other defendants and, therefore, require no response from Marsh.

97. As to Paragraph 97, the allegations are directed to other defendants and, therefore, require no response from Marsh.

98. As to Paragraph 98, the allegations are directed to other defendants and, therefore, require no response from Marsh.

**COUNT XIII**
**NEGLIGENT MISREPRESENTATION**
**(Claims Against MMC, Marsh and Marsh USA)**

99. Marsh incorporates its responses to Paragraphs 1 through 98 of the Complaint as its response to Paragraph 99 of Count XIII as is fully set forth herein.

100. Paragraph 100 is denied.

101. Paragraph 101 is denied.

102. Paragraph 102 is denied.

103. Paragraph 103 is denied.

104. Paragraph 104 is denied.

**COUNT XIV**
**NEGLIGENT MISREPRESENTATION**
**(Claims Against ACE and Bankers Standard)**

105. Marsh incorporates its responses to Paragraphs 1 through 104 of the Complaint as its response to Paragraph 105 of Count XIV as is fully set forth herein.

106. As to Paragraph 106, the allegations are directed to other defendants and, therefore, require no response from Marsh.

107. As to Paragraph 107, the allegations are directed to other defendants and, therefore, require no response from Marsh.

108. As to Paragraph 108, the allegations are directed to other defendants and, therefore, require no response from Marsh.

109. As to Paragraph 109, the allegations are directed to other defendants and, therefore, require no response from Marsh.

110. As to Paragraph 110, the allegations are directed to other defendants and, therefore, require no response from Marsh.

**COUNT XV**
**MISREPRESENTATION CAUSING PECUNIARY LOSS**
**RESTATEMENT (SECOND) OF TORTS, sec. 552**
**(Claims Against MMC, Marsh and Marsh USA)**

111. Marsh incorporates its responses to Paragraphs 1 through 110 of the Complaint as its response to Paragraph 111 of Count XV as is fully set forth herein.

112. Paragraph 112 is denied.

113. Paragraph 113 is denied.

114. Paragraph 114 is denied.

115. Paragraph 115 is denied.

116. Paragraph 116 is denied.

**COUNT XVI**
**MISREPRESENTATION CAUSING PECUNIARY LOSS**
**RESTATEMENT (SECOND) OF TORTS, sec. 552**
**(Claims Against ACE and Bankers Standard)**

117. Marsh incorporates its responses to Paragraphs 1 through 116 of the Complaint as its response to Paragraph 117 of Count XVI as is fully set forth herein.

118. As to Paragraph 118, the allegations are directed to other defendants and, therefore, require no response from Marsh.

119. As to Paragraph 119, the allegations are directed to other defendants and, therefore, require no response from Marsh.

120. As to Paragraph 120, the allegations are directed to other defendants and, therefore, require no response from Marsh.

121. As to Paragraph 121, the allegations are directed to other defendants and, therefore, require no response from Marsh.

122. As to Paragraph 122, the allegations are directed to other defendants and, therefore, require no response from Marsh.

**COUNT XVII**
**VIOLATION OF MASSACHUSETTS GEN. LAWS c. 93A**
**(Claims Against MMC, Marsh and Marsh USA)**

123. Marsh incorporates its responses to Paragraphs 1 through 122 of the Complaint as its response to Paragraph 123 of Count XVII as is fully set forth herein.

124. Paragraph 124 is denied.

125. Paragraph 125 is denied.

126. Paragraph 126 is denied.

127. Paragraph 127 is denied.

**COUNT XVIII**
**VIOLATION OF MASSACHUSETTS GEN. LAWS c. 93A**
**(Claims Against ACE and Bankers Standard)**

128. Marsh incorporates its responses to Paragraphs 1 through 127 of the Complaint as its response to Paragraph 128 of Count XVIII as is fully set forth herein.

129. As to Paragraph 129, the allegations are directed to other defendants and, therefore, require no response from Marsh.

130. As to Paragraph 130, the allegations are directed to other defendants and, therefore, require no response from Marsh.

131. As to Paragraph 133, the allegations are directed to other defendants and, therefore, require no response from Marsh.

132. As to Paragraph 134, the allegations are directed to other defendants and, therefore, require no response from Marsh.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The plaintiffs' claims are barred by the applicable limitations period.

### Third Affirmative Defense

The plaintiffs are barred from pursuing their claims under the doctrine of laches.

### Fourth Affirmative Defense

The plaintiffs are barred from pursuing their claims under the doctrine of waiver.

**Fifth Affirmative Defense**

The plaintiffs are barred, in whole or in part, from recovering damages in this action because of their comparative negligence.

**Sixth Affirmative Defense**

The plaintiffs are barred, in whole or in part, from recovering damages in this action because they failed to mitigate any such damages.

**Seventh Affirmative Defense**

To the extent that the plaintiffs allege a contract between the parties, the plaintiffs cannot maintain a contract claim because of failure of consideration.

DEFENDANTS, MARSH & McLENNAN COMPANIES, INC., MARSH, INC. and MARSH USA, INC.,

/s/ Joseph K. Scully

Joseph K. Scully (#6217)
*jkscully@dbh.com*
Michael P. Shea, *pro hac vice*
*mpshea@dbh.com*
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)

Their Attorneys

**CERTIFICATION OF SERVICE**

I hereby certify that on December 1, 2006 a copy of the foregoing **Answer to First Amended Complaint** was filed electronically [and served by mail on anyone unable to accept electronic filing.]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.] Parties may access this filing through the Court's system.

/s/ Joseph K. Scully
Joseph K. Scully